UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WILLIAM J. SULLIVAN,<br><br>　　　　Respondent. | No. 1:18-cv-00361-DAD-EPG<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION AND MOTION TO EXPEDITE<br><br>(Doc. No. 20) |

Petitioner is a state prisoner proceeding *pro se* in a habeas corpus action pursuant to 28 U.S.C. § 2254.

On May 18, 2018, petitioner filed an emergency motion and motion to expedite these federal habeas proceedings based on his argument that he has already served the statutorily prescribed maximum punishment for his crime of conviction. (Doc. No. 12.) On May 21, 2018, the assigned magistrate judge denied the motions, advising petitioner that "[t]he Court is aware of Petitioner's pending petition and is awaiting Respondent's response to the petition" and "acts to resolve all pending cases in the most efficient manner possible." (Doc. No. 13 at 1.) On June 4, 2018, petitioner moved for the undersigned to reconsider the magistrate judge's May 21, 2018 order. (Doc. No. 20.)

/////

1

The court may only set aside those portions of a magistrate judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (non-dispositive pretrial orders are reviewed for clear error under Rule 72(a)). A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110–11 (E.D. Cal. 2011) (citing *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

The court has reviewed petitioner's motions and the magistrate judge's order in response thereto and concludes that the magistrate judge's denial of petitioner's motion to expedite the proceedings was not clearly erroneous or contrary to law. Moreover, it does not appear that an order granting the motion to expedite would have any effect. Petitioner's habeas petition was received by the court on Thursday, March 15, 2018. (Doc. No. 1.) On March 20, 2018, the assigned magistrate judge ordered respondent to file a response to the petition. (Doc. No. 4.) Petitioner's motion to expedite was received by the court on May 18, 2018. (Doc. No. 12.) Respondent's response to the petition—a motion to dismiss—was filed the following Monday, May 21, 2018. (Doc. No. 14.)

Accordingly, petitioner's motion for reconsideration (Doc. No. 20) is denied.

IT IS SO ORDERED.

Dated: **August 31, 2018**

UNITED STATES DISTRICT JUDGE