# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM J. SULLIVAN,<br><br>　　　　Respondent. | Case No. 1:18-cv-00361-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO: (1) GRANT RESPONDENT'S MOTION TO DISMISS; (2) DISMISS PETITION FOR WRIT OF HABEAS CORPUS; (3) DENY PETITIONER'S REQUEST TO AMEND; (4) DISMISS PETITION FOR WRIT OF MANDAMUS; (5) DENY APPLICATION FOR RELEASE ON OWN RECOGNIZANCE; AND (6) DENY PETITIONER'S MOTION FOR SANCTIONS<br><br>(ECF Nos. 9, 14, 19, 25) |

Petitioner Vester L. Patterson is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the petition fails to state a cognizable federal habeas claim, the undersigned recommends granting Respondent's motion to dismiss and dismissal of the petition. It is further recommended that the Court deny Petitioner's request to amend, dismiss the petition for writ of mandamus, deny Petitioner's application for release on his own recognizance, and deny Petitioner's motion for sanctions.

## I.

## BACKGROUND

On March 15, 2018, Petitioner filed a petition for writ of habeas corpus pursuant to 28

U.S. § 2241. (ECF No. 1). Therein, Petitioner appears to challenge the process, procedure, and decisions of the California Court of Appeal and the California Supreme Court in denying Petitioner's state habeas petitions without a hearing or affording Petitioner an opportunity to be heard. (Id. at 2).[1] On April 16, 2018, Petitioner filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1651(a). (ECF No. 9). Petitioner states therein that he was convicted and sentenced in May 2011 for offenses that were allegedly committed on January 20, 1997. (ECF No. 9 at 1). Petitioner argues that the *Ex Post Facto* Clause was violated and that as Petitioner has served the statutorily prescribed maximum punishment, he is being held in custody unlawfully. (Id. at 2). On April 23, 2018, Petitioner filed a memorandum in support of his habeas petition. (ECF No. 10).

On May 21, 2018, Respondent filed a motion to dismiss the petition for writ of habeas corpus as vague and for failure to raise a cognizable federal claim. (ECF No. 14). On June 6, 2018, Petitioner filed an opposition to the motion to dismiss in addition to lodging an amended habeas petition. (ECF Nos. 22, 23).

On May 24, 2018, Petitioner filed an application for release on his own recognizance pursuant to 28 U.S.C. § 1651. (ECF No. 19). On June 14, 2018, Respondent filed an opposition. (ECF No. 24). On August 30, 2018, Petitioner filed a motion for sanctions against counsel for Respondent for filing a frivolous motion to dismiss. (ECF No. 25).

## II.
## DISCUSSION

### A. Motion to Dismiss

In his sole claim for relief set forth in the habeas petition, Petitioner challenges the process, procedure, and decisions of the California Court of Appeal and the California Supreme Court in denying Petitioner's state habeas petitions without a hearing or affording Petitioner an opportunity to be heard. (ECF No. 1 at 2). However, as noted by Respondent in the motion to dismiss, the Ninth Circuit has held that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman,

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

877 F.2d 26, 26 (9th Cir. 1989); accord Cooper v. Neven, 641 F.3d 322, 331–32 (9th Cir. 2011) (finding due process claims arising out of the state trial court's consideration of a petitioner's last state habeas petition were not cognizable for federal habeas review). Accordingly, Petitioner's claim is not cognizable in federal habeas corpus and the petition should be dismissed on this ground.

In the motion to dismiss, Respondent also argues that the petition should be dismissed as vague because Petitioner "did not indicate which county entered the judgment, the date of the judgment nor what crimes he was convicted of committing." (ECF No. 14 at 1). In his opposition, Petitioner argues this information is included in his petition for writ of mandamus and emergency motion. (ECF No. 22 at 2). Petitioner requests leave to amend his petition to include this information if the Court finds that the petition is vague. (Id. at 3). An amended petition has been lodged with the Court. (ECF No. 23). Given that the Court finds that the petition should be dismissed for failure to state a cognizable claim, the Court finds that amendment to include information regarding the underlying criminal judgment is futile and that leave to amend should be denied. See Novak v. United States, 795 F.3d 1012, 1020 (9th Cir. 2015); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.").

**B. Petition for Writ of Mandamus**

In the petition for writ of mandamus, Petitioner appears to challenge his May 2011 conviction and sentence for offenses that were allegedly committed on January 20, 1997. (ECF No. 9 at 1). Petitioner argues that the *Ex Post Facto* Clause was violated and that as Petitioner has served the statutorily prescribed maximum punishment, he is being held in custody unlawfully. (Id. at 2).

1. Mandamus

"The writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" In re Van Dusen, 654 F.3d 838, 840 (9th Cir. 2011) (quoting Ex parte Fahey, 332 U.S. 258, 259–60 (1947)). See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) ("This Court repeatedly has observed that the writ of mandamus is an

extraordinary remedy, to be reserved for extraordinary situations."). Moreover, "federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966). See Demos v. U.S. Dist. Court, 925 F.2d 1160, 1161–62 (9th Cir. 1991) (noting that federal courts lack jurisdiction to issue writs of mandamus to state courts and that such petitions "are frivolous as a matter of law"). Here, Petitioner seeks an order directing the California Supreme Court to vacate its order denying Petitioner's state habeas petition. (ECF No. 9 at 2). Accordingly, the petition for writ of mandamus should be dismissed as this Court lacks jurisdiction to issue writs of mandamus to state court.

    2. <u>Section 2254 Habeas Petition</u>

To the extent the petition for writ of mandamus could be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging Petitioner's underlying 2011 conviction, the undersigned finds that the petition should be dismissed. A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or

successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

Petitioner previously sought federal habeas relief in this Court with respect to the same 2011 conviction. See Patterson v. Sherman, No. 1:15-cv-00053-LJO-MJS (dismissed as untimely); Patterson v. Martinez, No. 1:16-cv-01215-LJO-SAB (dismissed as successive).[2] The Court finds that the purported petition for writ of mandamus is "second or successive" under 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Because Petitioner has already filed a federal petition for writ of habeas corpus regarding his 2011 conviction, he cannot file another petition in this Court regarding the same conviction without first obtaining permission from the United States Court of Appeals for the Ninth Circuit. Here, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

**C. Application for Release on Own Recognizance**

Petitioner moves the Court to be released on his own recognizance while his habeas corpus proceedings are pending, noting that he has a high probability of success. (ECF No. 19). As set forth above, Petitioner is not entitled to habeas or mandamus relief. Accordingly, the application for release should be denied.

**D. Motion for Sanctions**

Petitioner also moves pursuant to Rule 11 of the Federal Rules of Civil Procedure for sanctions against counsel for Respondent for filing "a motion to dismiss that is frivolous" and was "based on a [corrupt] motive and to cause unnecessary delay." (ECF No. 25 at 1, 2). As set forth above, the undersigned finds that the motion to dismiss is not frivolous and recommends granting Respondent's motion to dismiss. Accordingly, the motion for sanctions should be

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

denied.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 14) be GRANTED;
2. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED;
3. Petitioner's request to amend be DENIED;
4. The petition for writ of mandamus (ECF No. 9) be DISMISSED;
5. Petitioner's application for release (ECF No. 19) be DENIED; and
6. Petitioner's motion for sanctions (ECF No. 25) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 22, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE