UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VESTER L. PATTERSON,

    Petitioner,

v.

WILLIAM J. SULLIVAN,

    Respondent.

No. 1:18-cv-00361-DAD-EPG (HC)

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

(Doc. No. 47)

Petitioner Vester L. Patterson is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 29, 2019, the undersigned issued an order adopting the assigned magistrate judge's findings and recommendations, granting respondent's motion to dismiss, and dismissing the petition for writ of habeas corpus. (Doc. No. 45.) On April 15, 2019, petitioner timely filed a motion for reconsideration and/or to alter judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 47.)

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles. v. Santa Monica Baykeeper*, 254 F. 3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted). A motion for reconsideration under Rule 59(e), however, "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an

intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F. 2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain."). Further, motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original) (citing *389 Orange St. Partners*, 179 F.3d at 665); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Local Rule 230(j) moreover requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, petitioner's motion for reconsideration of the court's March 29, 2019 order is brief and conclusory, arguing only that "[t]he Magistrate and District Court did not use the correct analysis to determine whether a state-created liberty interest existed[,]" and citing *Mendoza v. Blodgett*, 960 F.2d 1425, 1428 (9th Cir. 1992). (Doc. No. 47 at 1.)

Petitioner is seemingly repeating the same argument, already considered and rejected by this court, that he was denied due process when the state court denied his habeas petitions without a hearing. (*See* Doc. No. 45 at 2.) Mere disagreement with the court's prior ruling, however, provides no basis to grant a motion to amend or alter the judgment. *See Kilgore v. Colvin*, No. 2:12-CV-1792 CKD, 2013 WL 5425313, at *1 (E.D. Cal. Sept. 27, 2013) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2011) ("To succeed [on a Rule 59(e) motion], a party must set forth facts

or law of a strongly convincing nature to induce the court to reverse its prior decision."). Petitioner here has set forth no facts or law that would induce the court to reconsider its prior decision. Petitioner's citation to the decision in *Mendoza* is inapposite because that decision concerned whether prison regulations created a liberty interested protected by the Fourteenth Amendment. *See Mendoza*, 960 F.2d at 1428–29. *Mendoza* therefore provides no basis to question the court's conclusion in the March 29, 2019 order that alleged errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). Even if petitioner were subjected to some error in his state post-conviction proceedings, this would not entitle him to federal habeas corpus relief because his claim "represents an attack on a proceeding collateral to detention . . . and not on the detention itself." *Williams v. Missouri*, 640 F.2d 140, 144 (8th Cir. 1981).

Because petitioner has not demonstrated that the court's prior order was erroneous in any respect, the court finds no basis to grant the requested relief. Petitioner's motion for reconsideration (Doc. No. 47) is therefore denied.

IT IS SO ORDERED.

Dated: **May 8, 2019**

UNITED STATES DISTRICT JUDGE

3